*Court of Appeals, Fifth Circuit, Parish of St. Mary.*

SUSAN W. PARNELL, Administratrix, *v.* WM. P. ALLEN.

1. Homestead laws, being in derogation of common right, must be strictly construed.
2. A party claiming a homestead under section 1691 of the Revised Statutes, on the grounds that he has persons dependent on him for support, must show that dependence to be *actual* and *necessary*.
3. The fact of being the head of a family *per se*, does not entitle a party to a homestead under said section.
4. The exemption right must be tested by the state of facts existing at the time the same is sought to be enforced.

*Appeal from the Nineteenth Judicial District Court of the Parish of St. Mary. Goode, Judge.*

*Don Caffery* for plaintiff and appellant.

*H. W. Allen* for defendant and appellee.

BLAKE, J.—Defendant claims exemption from seizure of his mortgaged premises, under the provisions of the homestead act, on the grounds that he is the head of a family, and has persons dependent on him for support.

The defendant is a widower, with four children, three sons and a daughter, all of age. It is shown that the three sons are able to support themselves, and the daughter, who resides with her father, is a healthy, portly and active young lady, possessed of an inheritance of twenty-five hundred dollars, and the owner of property in Franklin. It is, however, claimed that the inheritance has not been realized, and that the property in Franklin is encumbered. To what extent the inheritance has not been realized, and as to the value of the Franklin property and the amount of its encumbrances, the record does not inform us.

The issue, as we look upon it, is narrowed down to a question of fact, as to whether the defendant has any person or persons dependent on him for support, so as to entitle him to the benefit of the exemption of the homestead act.

The Supreme Court, in 33 La. An. 320, in interpreting section 1691 of the Revised Statutes, which provides for a homestead in favor of the debtor, having a family, or mother, or father, *or persons dependent on him for support*, declared it to mean persons dependent for *actual and necessary* support, and not persons able to earn a living.

We are satisfied from the evidence in this case, that the defendant's children are not dependent on him for actual or necessary support. The sons are robust and healthy, and, as a matter of fact, do support themselves; and the daughter is possessed of some means, and is able to provide for herself. The evidence impresses us that the dependence is the other

way, and that the children are better able to support their father than their father to support them.

In the language of the decision referred to, " adults, male, or, if unmarried, female, who have robust health and all usual faculties, lie under the necessity of supporting themselves, unless they find others willing to support them, who can do so without making such service a foundation for exempting their property from liability to the payment of their just debts."

The mortgage in this case was granted prior to the constitution of 1879, and the exemption right set up does not come under its operation, but must be tested by the act of 1865, commonly known as the homestead act, and embodied in Code of Practice under article 645, and must be governed by the state of facts existing at the time that the exemption is sought to be enforced.  32 La. An. 979.

In adjudicating on the rights of parties, we must not lose sight of the fact that the property of the debtor is the common pledge of his creditors, and that homestead laws, being in derogation of common right, and, as such, coming within the exception of the general rule, must be strictly construed, and never extended beyond the express terms of the law-maker. 20 La. An. 64; 28 La. An. 666.

From all the light before us, we fail to see that the defendant has brought himself within the letter or spirit of the homestead act, so as to entitle him to the exemption he claims in this case. The fact of being the head of a family *per se*, does not entitle him to such a right.  33 La. An. 320.

It is, therefore, ordered that the judgment of the lower court, in so far as the monied demand, and the recognition of plaintiff's mortgage are concerned, is affirmed, and it is ordered that that portion of the judgment postponing the execution of the mortgage, be reversed and set aside, and that there be judgment in favor of plaintiff, declaring her mortgage executory; defendant and appellee to pay costs of this appeal.